**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOSHUA SISNEROS,**

      **Plaintiff,**

v.                                                       **CIV No. 09-143 ACT/RHS**

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 492, and
CREAMLAND DAIRIES, LLC,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand filed March 12, 2009 [Doc. No. 16], Defendant Union's Motion to Dismiss filed February 20, 2009 [Doc. No. 4], and Defendant Creamland's Motion to Dismiss filed February 20, 2009 [Doc. No. 6]. Having reviewed the Motions, the Responses [Doc. Nos. 21, 14, 15], the Replies [Doc. Nos. 22, 17, 19], and the applicable law, the Court finds that Plaintiff's Motion to Remand is not well taken and it will be denied; Defendant Union's Motion to Dismiss is well taken and it will be granted; and Defendant Creamland's Motion to Dismiss is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Joshua Sisneros ("Plaintiff" or "Sisneros") was previously employed by Defendant Creamland Dairies, LLC ("Creamland" or "Defendant Creamland") as a truck loader and later as a production catcher. [Doc. No. 1, Exh. B]. Sisneros was a member of the International Brotherhood of Teamsters Local No. 492 ("Union" or "Defendant Union"). *Id.* On January 17, 2006, Creamland terminated Sisneros' employment, and on January 25, 2006, Sisneros issued a formal resignation in lieu of termination. *Id.* The Union instituted Step One of the grievance procedure of the collective

bargaining agreement ("CBA") regarding the termination of employment, but did not pursue the grievance beyond that step. *Id.*

On December 18, 2008, Plaintiff filed a complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico alleging a cause of action for Breach of Duty of Fair Representation against Defendant Union and Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Retaliatory Discharge against Defendant Creamland. *Id.*

On February 12, 2009, the Union removed the action to federal court based on federal question jurisdiction. [Doc. No. 1]. Each Defendant filed a Motion to Dismiss on February 20, 2009. [Doc. Nos. 4 and 6]. Plaintiff filed a Motion to Remand on March 12, 2009, contending that all of his causes of action are state law claims that do not implicate any federal question. [Doc. No. 16].

## II. LEGAL STANDARD

Federal removal jurisdiction is statutory in nature. *Archuleta v. Lacuesta,* 131 F.3d 1359, 1370 (10th Cir. 1997). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citations omitted). All doubts should be resolved against removal. *Id.* at 1097. A removing party has the burden of demonstrating the existence of federal jurisdiction by the preponderance of the evidence. *Karnes v. Boeing Co.,* 335 F.3d 1189, 1194 (10th Cir. 2003).

Under the well-pleaded complaint rule, federal question jurisdiction must appear on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112-113 (1936)). A case may not be removed to federal court on the basis of a federal defense, including preemption, even if the defense is anticipated in the complaint

or both parties agree that it is the only question truly at issue. *Id.* at *392-393* (citation omitted).

There is, however, an "independent corollary" to the well-pleaded complaint rule. *Id.* at 393. Under the complete preemption doctrine, a statute may have such preemptive force that it converts a state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Id.* If an area of state law is completely preempted by a federal statute, any claim that is made under that preempted state law is considered a federal claim arising under federal law. *Id*. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, is the first statute the Supreme Court found had "complete preemption" effect. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 559-561 (1968).[1] In *Caterpillar*, the Supreme Court stated: "[T]he preemptive force of §301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of §301." *Caterpillar, Inc.,* 482 U.S. at 394 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1 (1983)). Section 301 "governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (citations omitted). Although the language of § 301 is limited to "[s]uits for violation of contracts," it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements. *See Allis-Chalmers Corp. V. Lueck,* 471 U.S. 202, 220 (1985). *See also Mock v. T.G.&Y. Stores Co.*, 971 F.2d 522, 529 (10th Cir. 1992) (where the Tenth Circuit stated that under

---

[1]Section 301 provides in pertinent part: "Suits for violation of contracts between an employer and a labor organization...may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. §185(a).

the LMRA "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the state law claim is preempted."(citations omitted)) Such claims can be in the context of a breach of contract or of a tort. *Cisneros v. ABC Rail Corp.,* 217 F.3d 1299, 1302 (10th Cir. 2000) (citations omitted).

The Tenth Circuit has noted that plaintiffs will often frame their complaints in terms of state law causes of action in order to attempt to avoid federal jurisdiction under §301, and, accordingly, courts should "look beyond the allegations of the complaint, often to the petition for removal, to determine whether the wrong complained of arose from a breach of obligations under the collective bargaining agreement." *Albertson's, Inc.v. Carrigan,* 982 F.2d 1478, 1480-1481 (10th Cir. 1993) (citation omitted). However, as long as the state law claim can be resolved without interpreting the agreement itself, the claim is independent of the agreement for §301 purposes. *Lingle v. Norge Division of Magic Chef, Inc*., 486 U.S. 399, 409-410 (1988).

As discussed in detail *infra* pp. 5-8, in addition to §301 preemption, courts have found similar preemptive force for breach of duty of fair representation claims under federal labor laws.

**DISCUSSION**

I.  Plaintiff's Motion to Remand

The issue before this Court is whether Plaintiff's claim for breach of duty of fair representation is preempted by federal law thereby giving this Court subject matter jurisdiction of the claim so that the claim is removable.  This Court finds that it is.

Plaintiff argues that this Court must remand this case to state court because the Complaint alleges only state law causes of action and his Complaint makes no reference to the LMRA. Defendant Union claims that this Court has jurisdiction over Plaintiff's Complaint because Plaintiff's sole claim against it is a breach of duty of fair representation claim, which is authorized

4

under the National Labor Relations Act ("NLRA") by virtue of a union's obligation to represent bargaining unit members pursuant to §9(a), 29 U.S.C. §159(a).[2] Defendant further argues that even if Plaintiff alleged a state law claim against the Union, the claim would be preempted and therefore removable by §301 of the LMRA.

In *Montgomery v. The City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004), the Tenth Circuit held that claims alleging breach of duty of fair representation were preempted by federal labor law stating: "Where a plaintiff's allegations fall within the scope of the duty of fair representation, federal labor law governs and ordinarily preempts any state-law claims based on those allegations." (quoting *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000)). In *Thomas*, 225 F.3d 1149, the Tenth Circuit held that even though Plaintiff framed his claims as state law claims under state wrongful discharge and civil conspiracy theories, those claims actually amounted to a claim for breach of the duty of fair representation, and, therefore, the claims were preempted by federal labor law. *Id*. at 1157-1158 (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 830 (1st Cir. 1997); *Richardson v. United Steelworkers*, 864 F.2d 1162, 1170 (5th Cir. 1989)). The Tenth Circuit noted an exception to preemption where overriding state interests "deeply rooted in local feeling and responsibility" were implicated and the Plaintiff made a showing that "(1) the state tort is 'unrelated to' the federal law, or (2) the state tort is 'a function of the particularly abusive manner' in which the discrimination is accomplished rather than a function of the actual discrimination itself." *Id*. at 1158 (quoting *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 296-97

---

[2]Section 9(a) provides in pertinent part: "Representatives designated or selected for the purposes of collective bargaining by the majority of the employees...shall be the exclusive representatives of all the employees...for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment..." 29 U.S.C. §159(a).

(1977)). The Tenth Circuit found that Plaintiff did not meet either requirement and, accordingly, his claims were preempted by federal labor law. *Id.*

Plaintiff in the present case has pled a claim for breach of duty of fair representation based primarily on his allegation that the Union did not adequately pursue his grievance. The vast majority of duty of fair representation claims arise in the grievance procedure context. *See Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir. 1986). Accordingly, this Court finds that Plaintiff has not shown a strong state interest or that his claim is 'unrelated to' federal law or 'a function of the particularly abusive manner' in which the discrimination is accomplished rather than a function of the actual discrimination itself. Plaintiff's alleged state law claim for breach of duty of fair representation is, therefore, preempted by federal labor law and is subject to removal.[3]

This decision is in accord with other Courts who have addressed this issue. In *BIW Deceived,* 132 F.3d 824, a case relied upon by the Tenth Circuit in T*homas*, *supra*, the First Circuit explained the reasoning behind its decision that the federal district court possesses federal question jurisdiction when the state court complaint sufficiently asserted a claim implicating the duty of fair representation. The First Circuit noted that in addition to preemption under §301 of LMRA, preemption can also occur by operation of the duty of fair representation, which is a duty owed by a union to those on whose behalf it acts. *Id.* at 830. The duty implicates §9(a) of the NLRA, and "includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to

---

[3]In Plaintiff's Reply in Support of his Motion to Remand [Doc. No. 22], Plaintiff alleges that his claim against the union is a state law claim of negligence and, therefore, this Court must remand his case. Plaintiff's claim is that the Union did not adequately pursue the grievance procedure. As such, Plaintiff's claim is a typical breach of duty of fair representation claim and not a state law negligence claim. *See generally Galindo,* 793 F.2d at 1509.

6

avoid arbitrary conduct." *Id.* (quoting *Vaca v. Sipes,* 386 U.S. 171, 177 (1967). The First Circuit noted that a complaint that states a duty of fair representation claim "alleges[s] a breach by the Union of a duty grounded in federal statutes and...federal law therefore governs [the] cause of action." *Id.* Consequently, state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation. *Id.* (citation omitted).

The First Circuit further noted that the duty of fair representation preemption operates in much the same fashion as §301 preemption and that "because federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit and because this manifestation of congressional will so closely parallels Congress's intentions with regard to section 301, a federal district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the DFR." *Id.* at 831-832 (citations omitted). The First Circuit further held that as a logical corollary, the duty of fair representation preemption warrants resort to the artful pleading doctrine. *Id.* at 832. *See also Richardson v. United Steelworkers*, 864 F.2d 1162, 1169 (5th Cir. 1989) ("We hold that where the NLRA federal law duty of fair representation, actionable in federal court, preempts a state-law claim, the suit asserting such a claim...may be removed to federal court just as the suit asserting state law claims preempted by section 301...may be removed under *Avco* and its progeny."); *Pecha v. Padilla*, 192 F.3d 126 (5th Cir. 1999), 1999 WL 683867, (where the Fifth Circuit held that the Court had subject matter jurisdiction over the Plaintiff's breach of duty of fair representation claim under §§8 and 9 of the NLRA; that the breach of the duty of fair representation claim preempted the state law claims; and that the suit arose under 28 U.S.C. §1337); *Bachilla v. Pacific Bell Telephone Company*, 2007 WL 2825924 (E.D.Cal. 2007) (where the court found that where Plaintiffs claimed that their union failed to adequately represent them regarding the processing of their grievances,

their claim was for a breach of the duty of fair representation and that because such a duty is derived from the LMRA, it is defined solely by federal law and preempts the application of state substantive law that seeks to regulate conduct within its ambit.)

Accordingly, this Court finds that it has subject matter jurisdiction pursuant to the duty of fair representation preemption. Although it is therefore unnecessary to address whether Plaintiff's claim is a state law claim subject to preemption under §301, this Court finds that if Plaintiff has alleged a state law claim for breach of duty of fair representation, it is preempted by §301. As discussed in detail *supra* pp. 3-4, §301 governs claims founded "directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc.*, 482 U.S. at 394. The gist of Plaintiff's duty of fair representation claim is that his Union failed to adequately pursue his grievance beyond the first step of the grievance procedure. In order to determine whether Plaintiff's claim has merit, this Court would need to analyze the labor agreement for various purposes. First, the Court would need to review the actual grievance procedures outlined in the CBA and the Union's duty regarding pursuing them. Second, the Court would need to analyze the contract to determine whether the Union was justified in not pursuing the grievance beyond the first step by determining, among other things, whether Plaintiff's employment was terminated for just cause under the union contract. This Court finds that whether the Union breached its duty to Plaintiff is substantially dependent on an analysis of the labor contract. Accordingly, under either the duty of fair representation preemption or the §301 preemption, Plaintiff's claim for breach of duty of fair representation is preempted, Plaintiff's complaint is subject to removal, and Plaintiff's Motion to Remand is denied.

II. Defendant Union's and Defendant Creamland's Motions to Dismiss

Standard of Review for Motion to Dismiss

The court is required to accept as true all well-pleaded facts alleged in plaintiff's complaint when addressing a Fed.R.Civ.P. 12(b)(6) motion to dismiss and view them in the light most favorable to the nonmoving party. *Anderson v. Suiters,* 499 F.3d 1228, 1232 (10th Cir. 2007) (citation omitted). This Court may grant a motion to dismiss if in "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Macarthur v. San Juan County,* 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1968-1969 (2007)).

1. Defendant Union's Motion to Dismiss

Plaintiff's termination from his employment occurred on January 17, 2006, and he later filed a formal resignation in lieu of termination on January 25, 2006. [Doc. No. 1, Exh. B]. Plaintiff claims that the Union instituted Step One of the grievance procedure regarding his termination, but did not pursue it beyond the first step. *Id.* Plaintiff filed his Complaint, which included his claim for breach of the duty of fair representation against the Union, on December 18, 2008. *Id.*

As discussed *supra* at pp. 4-9, this Court finds that Plaintiff's claim for breach of the duty of fair representation is a federal claim under federal labor laws. Accordingly, a six-month statute of limitations applies. *Montgomery v. the City of Ardmore*, 365 F.3d at 941 (where the Tenth Circuit held that the Plaintiff could not advance a breach of duty of fair representation claim without demonstrating that he filed his claim within six months of the alleged breach.). *See also Hagerman v. United Transp. Union,* 281 F.3d 1189, 1197 (10th Cir. 2002) ("A six-month statute of limitations applies to duty of fair representation claims.").

Although Plaintiff does not provide a date regarding when he knew that his Union was not

9

going to proceed beyond the first step of the grievance process, Plaintiff does not dispute that his complaint was filed beyond the six-month statute of limitations. Because Plaintiff did not file his Complaint within six months of the Union's alleged breach, Defendant Union's Motion to Dismiss Plaintiff's Complaint as to the Union is hereby granted pursuant to Fed.R.Civ.P. 12(b)(6).

2. Defendant Creamland's Motion to Dismiss.

A. *Breach of Contract Claim*

Defendant Creamland asks this Court to dismiss Plaintiff's breach of contract cause of action, claiming, among other things, that it is preempted by §301 of the LMRA because Plaintiff's claim is inextricably intertwined with the provisions of the CBA. Plaintiff argues that his breach of contract claim is based on the employee handbook, which was independent of the CBA, on stated and written employment procedures, and on verbal promises made by his employer, and, therefore, is not preempted by §301. [Doc. No. 1, Exh. B; Doc. No. 15].

In *Garley v. Sandia Corporation*, 236 F.3d 1200 (10th Cir. 2001), the Plaintiff made a similar argument when he alleged that his breach of contract claim was based on Sandia's Personnel Policy, Code of Ethics, and Director's Memo and not on the CBA. *Id.* at 1210. However, what is different about the *Garley* case from the present case is that in *Garley,* the Tenth Circuit had before it and considered both the CBA and the documents that the Plaintiff alleged created the contract that was independent of the CBA. The Tenth Circuit recognized that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Id*. (citation omitted). However, after discussing the contents of the documents before it, the Tenth Circuit held that the documents were intended to be read in harmony with the CBA and, accordingly, were inextricably intertwined with consideration of the terms of the labor contract" and

Plaintiff's breach of contract claim was, therefore, preempted by §301. *Id.* at 1210-1211 (citations omitted).

This Court cannot determine whether Plaintiff's claim for breach of contract is preempted by §301 based on the allegations in the Complaint alone, and, accordingly, Defendant Creamland's Motion to Dismiss Count II of Plaintiff's Complaint is denied.

B. *Breach of Duty of Good Faith and Fair Dealing Claim*

The argument of the parties is similar for Plaintiff's claim of breach of the duty of good faith and fair dealing as it was for Plaintiff's breach of contract claim. Defendant Creamland argues that Plaintiff's breach of duty of good faith and fair dealing must be dismissed because, among other things, it is preempted by §301 because the claim is inextricably intertwined with the provisions of the CBA. [Doc. No. 19]. Plaintiff again argues that the contract that the duty is based on is the contract created by the employment handbook, stated and written employment procedures, and verbal promises made by his employer, not the CBA. Accordingly, this Court cannot determine whether or not Plaintiff's claim for breach of duty of good faith and fair dealing is preempted by §301 based on the allegations in the Complaint, and, accordingly, Defendant Creamland's Motion to Dismiss Count III of Plaintiff's Complaint is denied.

C. *Retaliatory Discharge Claim*

Count IV of Plaintiff's Complaint sets forth a claim of retaliatory discharge in which Plaintiff alleges that his wrongful discharge contravened a clear mandate of public policy. Defendant Creamland asks this Court to dismiss this Count because it is preempted by §301. This Court need not address, however, whether Plaintiff's retaliatory discharge claim is preempted by §301 because Plaintiff, as a union member, is not entitled to bring such a claim under New Mexico law. In New Mexico, the right to bring a retaliatory discharge claim is limited to at-will employees. *Silva v. Am.*

*Fed'n of State, County & Mun. Employees,* 131 N.M. 364, 368, 37 P.3d 81, 85 (2001). *See also Weise v. Washington Tru Solutions, L.L.C.*, 144 N.M. 867, 876-877, 192 P.3d 1244, 1253-1254 (Ct. App. 2008) (where the New Mexico Court of Appeals held that a union member could not recover for the tort of retaliatory discharge under New Mexico law because he was not an at-will employee.) It is undisputed that Plaintiff was not an at-will employee but rather he could be terminated only for just cause under the CBA. [Doc. No. 1, Exh. B]. The CBA provides for a grievance procedure if an employee believes he was unjustly terminated. *Id.* Because Plaintiff could only be terminated for cause, he cannot recover for the tort of retaliatory discharge under New Mexico law. *See Barreras v. State of N.M. Corr. Dep't.,* 133 N.M. 313, 318, 62 P.3d 770, 775 (Ct. App. 2003) (recognizing that a claim for retaliatory discharge is only available to at-will employees because if "an employee is already protected from wrongful discharge by a contract," any retaliatory discharge claim would essentially "duplicate rights already adhering to the employee under contract."). Accordingly, Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint is granted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remand is hereby denied; Union Defendant's Motion to Dismiss is hereby granted; and Defendant Creamland's Motion to Dismiss is hereby granted in part and denied in part as discussed more fully in this Memorandum Opinion and Order.

_____
 **ALAN C. TORGERSON**
 **UNITED STATES MAGISTRATE JUDGE**