IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA SISNEROS,

                Plaintiff,               No. CIV-09-143 ACT/GBW

v.

CREAMLAND DAIRIES, LLC,

          Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Creamland Dairies, LLC's Motion for Summary Judgment filed November 25, 2009. [Doc.52]. Having reviewed the Motion and the Memorandum in Support of Motion for Summary Judgement [Doc. 52 and 53], the Plaintiff's Response [Doc. No. 54] and the Defendant's Reply [Doc. 55], the Court finds that the Defendant Creamland Dairies, LLC's Motion for Summary Judgment is well taken and will be granted.

## I.  BACKGROUND

Defendant Creamland Dairies, LLC (hereafter "Creamland" or "Defendant") previously filed a Motion to Dismiss the claims that are the subject of its present Motion for Summary Judgment.[1] [Doc.6 and 7]. Specifically, the Defendant sought to dismiss (among other claims not relevant here) Count II, the Breach of Contract claim, and Count III, the Breach of Duty of Good Faith and Fair Dealing claim on February 20, 2009. *Id.*  The Court denied Defendant's Motion

---

[1]In the Memorandum Opinion and Order [Doc.26], the Court dismissed Count IV, Plaintiff's Retaliatory Discharge claim.

as to these two claims because it could not be determine whether Plaintiff's claims were preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, based on the allegation of the Complaint alone. [Doc. 25]. [2]

Creamland has now filed this Motion for Summary Judgment arguing that there exists no issue of material fact that Plaintiff's Breach of Contract claim and his Breach of Duty of Good Faith and Fair Dealing claim are preempted by § 301 of the LMRA and are therefore untimely and should be dismissed as a matter of law. [Doc.53]. Plaintiff admits all of Defendant's undisputed facts with the caveat, or additional facts, that although he was subject to a collective bargaining agreement ("CBA") between the Plaintiff's Union and Defendant, "the specifics of his employment was governed by an employee handbook" and that he "relied" on the handbook as "controlling his employment." [Doc.54 at p. 2].

## II. DISCUSSION

### A. Facts

The facts of this case are straightforward and undisputed. During the time that Plaintiff was employed by Defendant he was a Union member and his employment was governed by a CBA between Creamland and the Plaintiff's Union, International Brotherhood of Teamsters Local No. 492 (hereafter "Union" or "Plaintiff's Union"). [Doc.53 and 54]. Pursuant to the CBA, Defendant had the right to determine and schedule union employee working hours or to establish, modify or change work schedules. *Id.* It also had the right to discharge or discipline any union employee for just cause. *Id.* Pursuant to the CBA, any union employee had the right

---

[2]Specifically, the Plaintiff's argument in response to Creamland's Motion to Dismiss relied on an employee handbook, as well as on stated and written employment procedures, and on verbal promises made by his employer. [Doc.25].

to protest any discharge or disciplinary action under the Grievance and Arbitration Article of the CBA. *Id.*  There are multiple steps in the Grievance procedures as set out in the CBA, each of which provides for time limits and further provides that failure to comply with the time limits specified in the CBA causes the grievance to be settled in favor of the other party. *Id.*

Defendant had provided to the Plaintiff, as a union employee, a handbook entitled "Employee Handbook for *Union* Employees" (hereafter referred to as "Union Employee Handbook"). (Emphasis added.) [Doc. 53-3].  The Union Employee Handbook states that "Union employees do not receive formal, periodic performance appraisals.  However, all employees should expect to receive informal assessment of their job performance from their supervisors and should be prepared to accept constructive criticism to improve their job skills, efficiency or productivity." *Id.*  It further stated that the Defendant *"may use any one or all of four steps* of disciplinary procedures [against Union employees]. . . *consistent with the terms of the collective bargaining agreement."*  (Emphasis added.) *Id.*

Plaintiff was terminated on January 9, 2006, in accordance with the provisions of the CBA. [Doc. No. 53 and 54]. His Union instituted Step One of the Grievance Procedure but did not pursue his claims any further. *Id.*  Plaintiff now asserts that his employment was governed by the Union Employee Handbook and policies contained therein that were not contained in the CBA, as well as verbal representations and promises made by Defendant.

### B.  Analysis

The Supreme Court has made clear the preemptive power of § 301 claims.  A suit alleging a violation of a provision of a labor contract "must be brought under § 301 and be resolved by reference to federal law."  *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 210, 105 S.Ct.1904 (1985).   This preemption is not limited to suits alleging violations of labor contracts.

"[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Garley v. Sandia Corp.,* 236 F.3d 1200, 1208 (10th Cir. 2001), *quoting Allis-Chalmers Corp*., 471 U.S. at 211, 105 S.Ct. 1904. The test to determine if a state law claim is preempted by § 301 is "whether evaluation of the [claim] is *inextricably intertwined* with consideration of the terms of the labor contract." (Emphasis in original.) *Id.*, *quoting Allis-Chalmers Corp*., 471 U.S. at 213, 105 S.Ct. 1904.

Here, the Court finds that an evaluation of Plaintiff's two remaining claims against Defendant are inextricably intertwined with consideration of the CBA. First, Plaintiff's Breach of Contract claim in Count II is easily disposed of. Plaintiff's breach of contract claim is based on the Union Employee Handbook, which on it's face applies to union employees; i.e., those employees covered by a CBA. In addition, the Union Employee Handbook specifically states that any disciplinary procedures based on rules violations and/or job performance must be "*consistent with the terms of the collective bargaining agreement.*" [Doc. No. 53-3]. Thus, Plaintiff's claim for breach of contract based on the Union Employee Handbook can only be resolved by reference to the terms in the CBA and is thus preempted by federal law.

Regarding Plaintiff's claim of Breach of Duty of Good Faith and Fair Dealing in Count III, the Court concludes that this claim is also preempted by § 301. Like the Plaintiff in *Garley v. Sandia Corp*., 236 F.3d 1200, the Plaintiff here contends that this claim is founded on implied contracts created by Defendant's Union Employee Handbook, and unspecified statements and promises allegedly made by Defendant. Plaintiff argues that the CBA is not relevant to his claim of an implied contract. [Doc.54].

To the extent that he relies on the Union Employee Handbook, his implied contract claim is inextricably intertwined with consideration of the CBA and is therefore preempted by federal law, as discussed above.  However, Plaintiff also asserts in his Complaint that his Breach of Duty of Good Faith and Fair Dealing claim is also based on verbal representations by Defendant regarding employment procedures and verbal promises which created an implied contract. [Doc.53 at p.9].  Notwithstanding this assertion, the only "evidence" offered by the Plaintiff in support of these allegations is so vague it cannot possibly create a issue of fact sufficient to preclude summary judgment.

Specifically, the Plaintiff stated in his discovery responses that he relied on what supervisors told him about his job, but he cannot recall what specific individual made promises to him, nor does he have the date and times of when he heard these promises.  [Doc. 53-54]. This "evidence" is inadmissible hearsay.  A plaintiff who seeks to overcome a motion for summary judgment may not "rest on mere allegations" but must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir.1996) (holding content and substance of evidence opposing summary judgment must be admissible, and "[i]nadmissible hearsay evidence. . .  will not defeat summary judgment"); *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 902, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("[C]onclusory allegations unsupported by specific evidence will be insufficient to establish a genuine issue of fact.") (internal quotations omitted); *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1216 (10th Cir. 2004) (affirming summary judgment, in light of the available evidence, because "[j]ury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence").  Therefore, Plaintiff presents no admissible

evidence that would create a triable issue of fact that any statements were made that would be sufficient to create an implied contract.

Moreover, even if there was evidence to support the existence of an implied contract, Plaintiff's claim would still fail as a matter of law. Plaintiff presented no case law to support his proposition that an implied contract term can override an express contract, be it either from an express term in the CBA or the Union Employee Handbook's incorporation of the terms in the CBA. New Mexico aligns itself with "those courts that have refused to apply an implied covenant of good faith and fair dealing to override express provisions addressed by the terms of an integrated, written contract." *Melnick v. State Farm Mut. Auto.Ins.Co.*, 106 N.M. 726, 731, fn 4, 749 P.2d 1105, 1110 (1988).

Plaintiff's claims for Breach of Contract and Breach of Duty of Good Faith and Fair Dealing are preempted by § 301 of the LMRA. They are therefore governed by the six month statute of limitation and are time-barred. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281 (1983). As Plaintiff filed his action thirty-five (35) months after the termination of his employment, Plaintiff's action is barred by the statute of limitation applicable to § 301 actions and should be dismissed.

IT IS THEREFORE ORDERED THAT Defendants' Motion for Summary Judgment is hereby granted, and Plaintiff's two remaining claims of Breach of Contract and Breach of Implied Covenant of Good Faith and Fair dealing against Defendant are dismissed with prejudice.

**IT IS SO ORDERED**.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**,
Presiding by Consent